UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SUSAN MCKENZIE,            )
                           )   NO. CV-06-5077-LRS
          Plaintiff,     )
                           )  **ORDER GRANTING PLAINTIFF'S**
  -vs-                 )  **MOTION TO REMAND AND DENYING**
                           )  **DEFENDANT'S MOTION FOR SUMMARY**
KADLEC MEDICAL CENTER,  )  **JUDGMENT**
                           )
         Defendant.     )
                           )
                           )

    **BEFORE THE COURT** are Plaintiff's Motion for Remand (**Ct. Rec 8**), and Defendant's Motion for Summary Judgment (**Ct. Rec. 11**), which were orally argued on January 11, 2007. Christine Weaver participated on behalf of the Plaintiff, and Holly Hearn participated on behalf of the Defendant. After careful review of the pleadings submitted by all parties and with the benefit of oral argument, this order will memorialize and supplement the oral rulings of this Court on that date, which are incorporated herein by reference.

**I. BACKGROUND**

    This case stems from Plaintiff's employment at Kadlec Medical Center, where she worked as a Registered Nurse. Plaintiff is suing the hospital because of events she claims occurred after Plaintiff was accused of stealing narcotics from the hospital. Plaintiff asserts that she was strip searched and prevented from leaving the premises for a

ORDER - 1

period of time after the allegation was made. Plaintiff submitted to a urine test as well as a Breathalyzer test. Plaintiff alleges that Defendant committed the following torts while investigating the drug allegations: false imprisonment, assault and battery, invasion of privacy, defamation, and intentional infliction of emotional distress. Plaintiff's Complaint (Ct. Rec. 30). Plaintiff's complaint also includes a claim for constructive discharge, but asserts no federal causes of action. *Id.*

Plaintiff brought her cause of action in Benton County Superior Court, and Defendant removed the case to Federal Court. Plaintiff then moved to remand. Defendant responded, in part, by moving for summary judgment asserting that Plaintiff's claims are alleged violations of the collective bargaining agreement between Kadlec and the Washington State Nurses' Association and are therefore preempted by Section 301 of the Labor Management Relations Act and should be processed under the terms of the Collective Bargaining Agreement. (Ct. Rec. 11 at 2).

**II. DISCUSSION:**

As a general rule, an action is removable to federal court only if it might have been brought there originally.  28 U.S.C. § 1441(a);*Duncan v. Stuetzle*, 76 F.3d 1480,1485 (9th Cir. 1996).  Thus, in order for removal to be proper, the federal court must have original subject matter jurisdiction over the suit.  28 U.S.C. §1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).  The removal statute is strictly construed and the Court must reject federal jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, *supra*.  The burden of establishing federal jurisdiction is on the party

seeking removal.  *Prize Frize, Inc. v. Matrix (U.S.), Inc.,*  167 F.3d
1261, 1265 (9th Cir. 1999).

Section 301 of the LMRA provides that all suits seeking relief from
violations of a collective bargaining agreement may be brought in federal
court.  *Humble v. Boeing Co.*, 305 F.3d 1004, 1007 (9th Cir. 2002).  The
Supreme Court has held that § 301 acts to preempt state law claims that
substantially depend on the collective bargaining agreement.  *Id.*
However, the Supreme Court has further held that § 301 has not become a
"mighty oak" to cover all state law claims.  *Livadas v. Bradshaw*, 512
U.S. 107, 122 (1994).

In *Lingle v. Norge Division of Magic Chef*, 486 U.S. 399, 413 (1988),
a wrongful discharge case, the Supreme Court found that the Plaintiff's
tort claims were not preempted.  In reversing the Court of Appeals
decision which found the retaliatory discharge claim inextricably
intertwined with the collective-bargaining agreements, the Supreme Court
stated:

> We agree with the court's explanation that the state-law
> analysis might well involve attention to the same factual
> considerations as the contractual determination of whether
> Lingle was fired for just cause. But we disagree with the
> court's conclusion that such parallelism renders the state-law
> analysis dependent upon the contractual analysis.  For while
> there may be instances in which the National Labor Relations
> Act pre-empts state law on the basis of the subject matter of
> the law in question, § 301 pre-emption merely ensures that
> federal law will be the basis for interpreting
> collective-bargaining agreements, and says nothing about the
> substantive rights a State may provide to workers when
> adjudication of those rights does not depend upon the
> interpretation of such agreements.  In other words, even if
> dispute resolution pursuant to a collective-bargaining
> agreement, on the one hand, and state law, on the other, would
> require addressing precisely the same set of facts, as long as
> the state-law claim can be resolved without interpreting the
> agreement itself, the claim is "independent" of the agreement
> for § 301 pre-emption purposes. *Lingle*, 486 U.S. at 408-410.

ORDER - 3

1    This Court finds that Ms. McKenzie's claims are independent of the
2    collective bargaining agreement for these purposes.  The Court notes that
3    the Plaintiff alleges facts giving rise to claims that constitute state
4    torts, namely, false imprisonment, assault and battery, invasion of
5    privacy, defamation, and intentional infliction of emotional distress,
6    none of which are spoken to in the collective bargaining agreement.
7    Plaintiff's Complaint (Ct. Rec. 30). Moreover, it appears that Ms.
8    McKenzie's claims stem from the manner in which she was treated at the
9    time she was allegedly strip searched, and subjected to both a urinalysis
10   test and a Breathalyzer.  The Plaintiff's claims do not require this
11   Court to interpret the terms of the collective bargaining agreement.
12   Therefore, the claims are not preempted.

13        For the reasons orally set out at the time these motions were argued
14   and supplemented by the foregoing, **IT IS ORDERED**:

15        1.   Plaintiff's Motion to Remand (**Ct. Rec.8**) is **GRANTED**.

16        2.   Defendant's Motion for Summary Judgment ( **Ct. Rec. 11**) is
17   **DENIED** in light of the remand.

18        **IT IS SO ORDERED**.  The Clerk is hereby directed to file this Order,
19   furnish copies to counsel and **REMAND** this case to Benton County Superior
20   Court for further proceedings.

21        **DATED** this 5th day of February, 2007.

22                              *s/Lonny R. Suko*
23                         _____
                                  LONNY R. SUKO
24                         UNITED STATES DISTRICT JUDGE

25

26

ORDER - 4